IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AIMEE HUFFMAN,

        Plaintiff,

v.                                        Case No.  18-1019-JWB

THE MIRROR, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion to dismiss (Doc. 48). The motion has been fully briefed and the court is prepared to rule. (Docs. 49, 54, 60.)[1] For the reasons stated herein, Defendant's motion is DENIED.

**I.  Facts**

The following facts are taken from the allegations in the amended complaint. Plaintiff Aimee Huffman began working for Defendant The Mirror, Inc. ("TMI") in 2012 as a social services coordinator. Plaintiff's work involved assisting with the delivery of TMI's programs and services to the Bureau of Prisons ("BOP") residents at the Toben Residential Reentry Center, a residential facility. Because TMI contracts with the BOP, it was required to comply with the Prison Rape Elimination Act ("PREA"). PREA has certain recordkeeping and investigation requirements. In March 2016, Plaintiff reported numerous serious compliance issues at TMI to Melissa Lohman, the Residential Re-Entry Manager at BOP. These issues included the failure to investigate allegations of sexual misconduct and sexual harassment and the failure to create and

---

[1] In her response, Plaintiff attached an exhibit that includes various emails. TMI objects to the consideration of the emails on its motion to dismiss arguing that the court should only consider the amended complaint. (Doc. 60 at 8-9.) The court notes that it has not considered Plaintiff's exhibit in ruling on this motion to dismiss.

1

maintain accurate records. In response, TMI told Lohman that Plaintiff was lying. On April 11, 2016, TMI provided Lohman with a written defense to Plaintiff's complaints that in part stated that Plaintiff had a "mental disorder" and that she was being reassigned due to her complaints for a "fresh start." (Doc. 45 at ¶ 16.) Plaintiff does suffer from mental health conditions which had been disclosed to TMI on prior occasions so that Plaintiff could obtain medical leave and accommodations.

Plaintiff was relocated from Toben to TMI's headquarters. Plaintiff alleges that her transfer into the new role was retaliatory. In her new role, Plaintiff was prohibited from speaking to coworkers and from accessing files on TMI's system. She was also prohibited from communicating with governmental agencies regarding TMI and told that she had to include TMI's chief executive officer, Barth Hague, on all of her communications. (Doc. 45 at ¶ 17.)

Plaintiff filed a written complaint with the Kansas Behavioral Sciences Regulatory Board ("KBSRB") alleging that John Gilbert, TMI's clinical addiction counselor, violated the confidentiality of her medical records by TMI's disclosure to BOP. Plaintiff was terminated on October 18, 2016. TMI allegedly stated that her termination was due to the KSBSRB complaint because TMI stated that it was false and because Plaintiff contacted a government agency in violation of TMI's prohibition of talking to governmental agencies. (Doc. 45 at ¶ 24.) Plaintiff has alleged that she exhausted her administrative remedies regarding her claims as required under the Americans with Disabilities Act ("ADA") and Title VII, 42 U.S.C. § 2000e. (Doc. 45 at ¶ 27.)

On January 3, 2017, Plaintiff filed a complaint of whistleblower retaliation under the National Defense Authorization Act ("NDAA") with the Office of Inspector General of the Department of Justice ("OIG"). Plaintiff alleged that the following were acts of retaliation: 1)

transferring Plaintiff to the new position in April 2016; 2) placing Plaintiff on probation; and 3) her termination. OIG investigated the complaint and issued its findings in November 2019.

Initially, on January 23, 2018, Plaintiff filed a complaint against TMI alleging claims under the ADA, Family and Medical Leave Act ("FMLA"), Title VII, and Kansas state law. (Doc. 1.) Plaintiff's amended complaint adds allegations regarding Plaintiff's January 3, 2017, filing of her whistleblower complaint and attaches OIG's investigative findings as an exhibit. (Doc. 45.) In December 2018, the parties filed a joint motion to stay the case pending the administrative processing of Plaintiff's NDAA complaint. (Doc. 25.) In that motion, the parties stated that Plaintiff intended to amend her complaint if OIG dismissed Plaintiff's complaint after the investigation. The parties sought the stay to avoid unnecessary and duplicative discovery that may result after the findings were issued by OIG. (*Id.* at 2.) Magistrate Judge James granted the joint motion to stay and required filing of status reports. (Doc. 26.) The stay was extended several times due to OIG's delays in its investigation and OIG's request for an extension of its deadline. On November 21, 2019, the OIG's final report was sent to the BOP for final issuance pursuant to 41 U.S.C. § 4712. (Doc. 38.) The parties requested that the court continue the stay while they awaited BOP's findings and recommendations. (*Id.*) The OIG report concluded that Plaintiff had made a protected disclosure to the BOP on March 31, 2016. It determined that the evidence did not substantiate Plaintiff's whistleblower retaliation claim with respect to her transfer but did find that her retaliation claims regarding her probation and termination were substantiated. (Doc. 45, Exh. 1 at 22.)

On July 30, 2020, the parties filed a joint status report indicating the BOP still had not issued its findings. (Doc. 42.) Plaintiff requested the opportunity to amend her complaint to add a claim under the NDAA and TMI would file its responsive pleading, "including the presentation

3

of any defense, within the applicable time period." (Doc. 42 at 2.) TMI's position regarding the NDAA claim was that BOP may issue its final report at any time and that Plaintiff's NDAA claim is inconsistent with her discrimination claims. (*Id.*) The parties filed a stipulation pursuant to Fed. R. Civ. P. 15(a)(2) evidencing that TMI consented to the filing of the amended complaint. (Doc. 44.) Plaintiff filed her amended complaint and TMI now moves to dismiss the amended complaint on the basis that Plaintiff's NDAA claim is barred by the statute of limitations and Plaintiff failed to sufficiently allege that she exhausted her Title VII and ADA claims.[2]

### II.   Standard

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

### III.   Analysis

#### A. NDAA Claim

TMI seeks dismissal of Plaintiff's NDAA claim on the basis that it is barred by the statute of limitations. Plaintiff asserts that her claim is timely because the amendment relates back to the date the original complaint was filed.

---

[2] TMI's initial motion and memorandum argued that the entire amended complaint was subject to dismissal on these grounds. TMI's reply brief, however, clarifies that its motion is only to Plaintiff's claims under the NDAA, Title VII, and ADA. (Doc. 60 at 7.)

Under the NDAA, a complainant must exhaust administrative remedies. After filing a complaint with OIG, the agency has 180 days to complete its investigation. 41 U.S.C. § 4712(b)(2)(A). The time to complete the investigation can be extended for an additional 180 days upon consent. *Id.* at § 4712(b)(2)(B). Here, Plaintiff consented to an additional 180 days. Therefore, under the NDAA, OIG had until December 29, 2017, to conduct its investigation and enter an order regarding its findings. The BOP then has 30 days to deny relief or take certain actions. *Id.* at § 4712(c)(1). In this case, OIG did not issue its report of investigation until November 21, 2019. If OIG fails to timely enter its findings, the statute provides that "the complainant shall be deemed to have exhausted all administrative remedies with respect to the complaint." *Id.* § 4712(c)(2). The statute further provides that an action "may not be brought more than two years after the date on which remedies are deemed to have been exhausted." *Id*.

TMI argues that Plaintiff's remedies were deemed to have been exhausted on December 27, 2017, and, therefore, her claim is barred because her amended complaint was not filed prior to December 29, 2019.[3] (Doc. 49 at 5.) Plaintiff filed her amended complaint - to include the NDAA claim - on August 4, 2020. Plaintiff does not object to TMI's determination of the time periods but argues that her amended complaint relates back to the date of her original complaint, which was filed January 23, 2018. Rule 15, pertaining to relation back, states as follows:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;

---

[3] The parties appear to be in agreement as to the date of exhaustion, but the court determines that the date is incorrect. This determination is not material, however, to the issues before the court on the motion to dismiss due to the date Plaintiff filed her amended complaint. TMI calculated the exhaustion date by adding 360 days from the date Plaintiff filed her NDAA complaint with OIG, which was January 3, 2017. However, the statute states that the complainant shall be deemed to have exhausted her remedies 210 days after submission of her complaint or "in the case of an extension of time under paragraph (b)(2)(B),[which is at issue here and adds an additional 180 days to the original 180 days] not later than 30 days after the expiration of the extension of time." 41 U.S.C. § 4712. This would indicate that the exhaustion date would be 360 days plus an additional 30 days. Plaintiff's remedies were thus exhausted on January 28, 2018, and the deadline to file a complaint in this court was January 28, 2020.

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

Plaintiff argues that her amendment satisfies Rule 15(c)(1)(B) in that her NDAA claim relates back to the date of her original complaint because the claim arose out of the conduct set out in the original complaint. (Doc. 54 at 5-8.) TMI makes several arguments in opposition. First, TMI argues that the plain meaning of the statute does not permit de novo review whenever Plaintiff "sees fit" to amend her complaint. (Doc. 49 at 2-3.) TMI, however, does not cite any authority for the proposition that the NDAA, unlike other statutes with limitations periods, cannot relate back to the date in the original complaint under Rule 15(c)(1)(B). Moreover, Plaintiff amended her complaint after TMI consented pursuant to Rule 15(a)(2).

Next, TMI cites to *Reed v. Keypoint Gov't Sols.*, No. 1:19-CV-01230-CMA-SKC, 2020 WL 5536339, at *2–3 (D. Colo. June 16, 2020), *report and recommendation adopted*, No. 19-CV-01230-CMA-SKC, 2020 WL 4199726 (D. Colo. July 22, 2020). In that case, the magistrate judge recommended dismissal of an NDAA complaint that was filed out of time. However, that case is distinguishable because the plaintiff was not seeking to amend a complaint that was filed within the limitations period. TMI also argues that this court's de novo review of an agency decision somehow impacts relation back under Rule 15. (Doc. 49 at 4, 6.) TMI, however, does not cite to any authority in support of this position.

TMI also contends that Plaintiff's amended complaint cannot relate back because the NDAA does not provide that the statute of limitations allows relation back. TMI's position is that under Rule 15(c), Plaintiff must either establish that both (c)(1)(A) **and** (B) are met or that (c)(1)(C) is met. (Doc. 60 at 4-5.) TMI's position is not supported by the plain language of the rule. Moreover, the rule has consistently been interpreted to allow relation back when an amendment satisfies (c)(1)(B). *See, e.g., Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 662 (D. Kan. 2014).

Finally, TMI asserts that the NDAA claim does not arise out of the same conduct, transaction, or occurrence, because the amended complaint has attached the OIG report as an exhibit, and it includes an "entirely new set of 'facts.'" (Doc. 60 at 5.) The purpose of Rule 15 is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on the merits." *McClelland v. Deluxe Fin. Svcs., Inc.*, 431 F. App'x 718, 723 (10th Cir. 2011) (quoting *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010)). "The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Id.* (quoting *Baldwin Cnty. Welcome Cntr. v. Brown*, 466 U.S. 147, 149 n.3 (1984)). "The same general standard of notice applies regardless of whether a litigant seeks to add defendants, plaintiffs, or claims." *Id.* at 723-24.

Reviewing the original complaint and the amended complaint, the first four pages of both are largely identical. The difference between the two is the addition of the NDAA claim. The new allegations add the fact that Plaintiff filed her whistleblower complaint with OIG and identify the alleged retaliatory conduct that was set forth in her OIG complaint. The allegations then state the

7

procedural history of the OIG complaint. (Doc. 45 at 4-5.) The facts regarding the retaliatory conduct were all contained in the original complaint. Plaintiff claimed that TMI retaliated against her after she reported violations to BOP by transferring her to a different position, refusing to allow her to communicate with governmental agencies, and terminating her. Plaintiff also claimed that TMI disclosed her confidential health information. While the OIG order clearly adds additional information regarding the investigation as to TMI's conduct, it arises out of the same conduct that Plaintiff alleges in her original complaint.

Therefore, the court finds that Plaintiff's allegations in the amended complaint relate back to the filing of the original complaint. In light of this finding, the court finds it unnecessary to address Plaintiff's tolling argument. TMI's motion to dismiss Plaintiff's NDAA claim on the basis that it is barred by the statue of limitations is denied.

### B. Exhaustion

TMI moves for dismissal of Plaintiff's claims under Title VII and the ADA for failing to plausibly allege exhaustion. TMI contends that the claims are subject to dismissal because Plaintiff has failed to specifically allege the particulars of the exhaustion of administrative remedies and attach her right to sue letter. Plaintiff has alleged that she administratively exhausted her Title VII and ADA claims. (Doc. 45 at ¶ 27.)

Recently, the Tenth Circuit held that exhaustion is a condition precedent to suit and not a jurisdictional requirement. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1182–85 (10th Cir. 2018) (concluding administrative exhaustion is no longer a jurisdictional requirement and overruling prior law by vote of all active judges). Under Rule 9(c), a party may "allege generally that all

conditions precedent have occurred or been performed." Therefore, Plaintiff's allegation regarding exhaustion is sufficient.[4]

TMI's motion to dismiss Plaintiff's Title VII and ADA claims on this basis is denied.

### IV. Conclusion

Defendant's motion to dismiss is DENIED. (Doc. 48.) Plaintiff's motion for hearing on TMI's motion to dismiss (Doc. 61) is DENIED.

IT IS SO ORDERED. Dated this 26th day of October 2020.

                                                                   s/ John W. Broomes
                                                                    JOHN W. BROOMES
                                                                    UNITED STATES DISTRICT JUDGE

---

[4] In response to TMI's argument, Plaintiff states that TMI's defense counsel was provided with the right to sue letter in 2017 and, again, on September 16, 2020. TMI is free to file a motion for summary judgment on this issue if it believes that Plaintiff has not fully exhausted her claims.