IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AIMEE HUFFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1019-JWB-TJJ |
| | ) | |
| THE MIRROR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant The Mirror, Inc.'s Motion to Compel Plaintiff's Amended Responses to Defendant's First Requests for Production (ECF No. 72). Pursuant to Federal Rule of Civil Procedure 37 and D. Kan. Rule 37.1, Defendant asks the Court to enter an order compelling Plaintiff to produce certain documents responsive to Defendant's First Requests for Production in a different format. Plaintiff has responded to the motion. As set forth below, the Court will deny Defendant's motion.

### I.   Relevant Background

When the stay of this case expired, the Court set a deadline for Defendant to file a motion to compel Plaintiff's responses to discovery Defendant had served and to which Plaintiff had responded before the stay took effect.[1] On October 21, 2020, Defendant sent a golden rule letter to Plaintiff, and that same day counsel conferred and resolved their disagreements with the exception of Plaintiff's response to RFP No. 18. On November 9, 2020, Plaintiff served her supplemental discovery responses, and four days later Defendant timely filed this motion. Plaintiff responded, noting that she had produced Facebook data related to The Mirror and to her

---

[1] *See* ECF No. 64. The Court twice extended this deadline. *See* ECF Nos. 67, 71.

1

job search. Although Defendant's motion requests Facebook data related to Plaintiff's mental health, Plaintiff denied that the parties had conferred on that subject. After Plaintiff filed her response, counsel conferred again and were able to resolve the scope of the Facebook data Plaintiff would produce. Accordingly, in its reply, Defendant narrowed the relief it requests, asking only for an order requiring Plaintiff to produce the native format of her Facebook and Twitter posts and messages.[2]

Although it is unclear whether Defendant has complied with the requirements of D. Kan. Rule 37.2 with respect to the sole remaining issue, in the interest of judicial economy the Court will not deny the motion on that ground.

## II.     Analysis

Because Defendant no longer seeks to compel Plaintiff to produce additional documents, the Court need not conduct relevance analysis under Fed. R. Civ. P. 26(b). Instead, the parties' ESI agreement which is reflected in the Scheduling Order entered in this case primarily determines the outcome.

Plaintiff produced her social media data in PDF format. In her response, she describes the process she used as follows:

> Facebook communications were obtained by downloading an archive, screenshotting the responsive communications, pasting them onto a Word document, and converting them to a PDF file. . . . The only native format files available are contained within the archive bundle, which contains unique HTML files that hold all of Huffman's communications with each third party. Therefore, Huffman is unable to provide native format versions of the specific messages that were produced. By analogy, when it comes to producing redacted emails or documents, the common practice is to convert the email file to a PDF, make redactions, and produce the PDF, because one cannot apply redactions to native format computer files like HTML, .docx, or .eml files.[3]

---

[2] Plaintiff had produced her Twitter page before Defendant filed this motion.

[3] ECF No. 74 at 2.

Defendant offers no authority for its demand that Plaintiff must produce her social media data in native format, and the Court is aware of none.[4] First, RFP No. 18 was silent on the issue of format. Second, it is unclear when and how Defendant raised the issue, as the only evidence offered is an email dated October 21, 2020 from defense counsel to Plaintiff's counsel, which states that the Facebook data Plaintiff had produced was not in native format.[5] Although Defendant correctly states that the Court's Guidelines for Cases Involving Electronically Stored Information [ESI] contemplate potential discovery and production of native format documents, the Guidelines do not require it. Indeed, in describing how parties should prepare for a Rule 26(f) conference, the Guidelines remind "parties and counsel . . . that, under Rule 34, if the requesting party has not designated a form of production in its request, or if the responding party objects to the designated form, the responding party must state the form it intends to use for producing ESI."[6] The parties discussed the issue and submitted their planning report with the following ESI agreement, now memorialized in the Court's Scheduling Order:

• The parties agree that all information produced by either party shall initially be produced in paper or .pdf format. In the event either party wishes to discover ESI associated with a paper document, the party will notify the other party in writing and identify the specific document(s) by bates-number(s). The party requesting ESI will also identify the nature of ESI it is seeking and the format and media in which it would like the ESI produced. The parties will then confer in good

---

[4] Defendant cites a single case, *Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, 2011 WL 3490022 (D. Kan. Aug. 10, 2011). The case is not applicable. The documents at issue in that case included organizational charts, e-mail, payroll files, and work performance evaluations, all of which defendant maintained and could produce in native format without additional expense. The plaintiff provided cogent and compelling reasons why it needed the documents in their native format. Moreover, the Scheduling Order in the case included an express provision that plaintiff had reserved her right to seek production of ESI in its native format. 2011 WL 3490022, at *1-2.

[5] *See* ECF No. 73-2 at 1. Defendant identifies this email as its golden rule letter.

[6] Guidelines ¶11 (found at http://ksd.uscourts.gov/wp-content/uploads/2015/10/Guidelines-for-cases-involving-ESI-July-18-2013.pdf.).

3

faith regarding the availability of the requested ESI, the proportionality of the request, and any expenses associated with the production of such information.[7]

Third, Defendant offers no compelling reason why Plaintiff should be required to produce the data in its native format. Defendant asserts it cannot verify the accuracy of the data absent its production in native format. Defendant recognizes that Plaintiff would be forced to incur an expense, and mentions in its reply its familiarity with a program that would cost Plaintiff between $600 and $1200 and presumably would deliver the data in native format. Defendant suggests that Plaintiff retain a vendor to avail itself of this program, at Plaintiff's expense. Defendant does not represent that it ever made this suggestion to or discussed the issue of cost with Plaintiff. As such, Defendant has not complied with the parties' agreement to "confer in good faith regarding . . . the proportionality of the request, and any expenses associated with the production of such information."

The Court finds that requiring Plaintiff to produce its social media data in native format is inconsistent with the parties' ESI agreement. Defendant offers no reason to doubt the accuracy of the data Plaintiff has produced, and requiring Plaintiff to incur an additional expense is not proportional to the needs of the case.

Plaintiff has not requested that the Court award her costs and attorney's fees associated with defending this Motion to Compel.  Because the Court is denying the motion, the Court must award reasonable expenses unless the Court finds that the motion was substantially justified or that other circumstances make an award of expenses unjust.[6]  The Court finds that under the circumstances to date, an award of expenses would be unjust.

---

[7] Scheduling Order (ECF No.55) at 6.

[6] Fed. R. Civ. P. 37(a)(5)(B).

5

**IT IS HEREBY ORDERED** that Defendant The Mirror, Inc.'s Motion to Compel Plaintiff's Amended Responses to Defendant's First Requests for Production (ECF No. 72) is **DENIED**.

IT IS SO ORDERED.

Dated this 28th day of January, 2021 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge